## Knight v. Knight

*J. Francis Yake, Jr.*, for plaintiff.

SHEELY, P. J., March 4, 1950.—Service of the complaint in this case was made by publication under Pa. R. C. P. 1124(*b*). The sheriff's return, however, fails to state that the sheriff sent to defendant a notice of the pendency of the action by registered mail to his last known residence set forth in the complaint, as required by the section. The requirements for service by publication must be strictly complied with: McFadden v. McFadden, 9 Fayette 133 (1946).

It is further noted that the sheriff's return to the original complaint is an affidavit to the effect that he had been unable to find defendant in Adams County. The return was not limited to a simple return of "not found." Service cannot be made upon a defendant by publication under Pa. R. C. P. 1124(*b*) unless service cannot be made under subdivision (*a*) (1) or (*a*) (2) of that rule. Under subdivision (*a*) (1) the complaint may be served by the sheriff in any county of the Commonwealth or he may deputize the sheriff of any county in which defendant may be found to serve him. As stated

in Goodrich-Amram 1124(*b*)-1 (page 21) "the only actual condition precedent to service by publication is inability of the sheriff to serve the defendant within the Commonwealth." A return of "not found" is equivalent to a statement by the sheriff that he could not find defendant within the Comonwealth. An affidavit that he could not find defendant within Adams County is insufficient in view of the fact that the complaint states that defendant was a resident of Waynesboro, Franklin County: Jansen v. Jansen, 16 Dist. R. 418 (1906).

For these reasons the court does not have jurisdiction of the person of defendant. The record also presents a question whether plaintiff is an actual bona fide resident of Adams County as required by the Divorce Law. Since the report must go back until the question of jurisdiction of the person of defendant is clarified, we will request a brief on the question of the sufficiency of the residence of plaintiff.

And now, March 4, 1950, the report in the above case is referred back because of lack of jurisdiction.